**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | September 30, 2011 | Docket #: | 11-44149 |
| Debtor: | Christopher J. Piti | Co-Debtor: | |
| SS#: | xxx-xx-8706 | SS#: | |
| Address: | 303 Brigham St. | Address: | |
| | Hudson, MA 01749 | | |

| | |
|---|---|
| Debtor's Counsel: | Matthew W. McCook |
| Address: | 277 Main Street |
| | Marlborough, MA 01752 |
| Telephone #: | 508-485-4500 |
| Facsimile #: | 508-449-3969 |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

OFFICIAL LOCAL FORM 3

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

PRE-CONFIRMATION CHAPTER 13 PLAN

Docket No.: **11-44149**

Debtors: (H): **Christopher J. Piti**       SS#: **xxx-xx-8706**

(W):                                        SS#:

**I. PLAN PAYMENT AND TERM:**

Debtor(s) shall pay monthly to the Trustee the sum of $ **90.00** for the term of:

[X] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

[ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

[ ] 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____

_____

[ ] ____ Months.  The Debtor states as reasons therefore:

_____

**II. SECURED CLAIMS:**

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **None** | | $ |
| | | $ |
| | | $ |

Total of secured claims to be paid through the Plan:           $ **0.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

Creditor                                    Description of Claim

Page 2

| **Chase Home Finance/Seterus** | **Home loan secured by first mortgage** |

C.  Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **Citi Mortgage Inc.** | **See Note 1.** | 0.00 |
| **HSBC Bank Nevada, N.A.** | **See Note 2.** | 0.00 |

Note 1:  Important.  Please read carefully.  This plan modifies  the rights of holders of secured claims.

The second mortgage lien held by Citi Mortgage Inc. on the property at 303 Brigham St. in Hudson, MA and recorded with the Middlesex Registry of Deeds at Book 48923 Page 360 is wholly unsecured and shall be voided and stripped off pursuant to 11 U.S.C. sec. 1322(b)(2). The full amount of the claim is listed as a general unsecured claim in section V of this plan below.  Upon debtor's successful completion of the plan and entry of an order of discharge under 11 U.S.C. sec. 1328, said mortgage shall be discharged.  The recording of the confirmed Chapter 13 plan and Order Granting Discharge under  11 U.S.C. sec. 1328 shall constitute conclusive evidence of the discharge of said Mortgage of record.

Note 2:  Important.  Please read carefully.  This plan modifies  the rights of holders of secured claims.

The execution lien held by HSBC Bank Nevada, N.A. on the property at 303 Brigham St. in Hudson, MA and recorded with the Middlesex Registry of Deeds at Book 56811 Page 72 is wholly unsecured and shall be voided and stripped off pursuant to 11 U.S.C. sec. 1322(b)(2). The full amount of the claim is listed as a general unsecured claim in section V of this plan below.  Upon debtor's successful completion of the plan and entry of an order of discharge under 11 U.S.C. sec. 1328, said execution shall be discharged.  The recording of the confirmed Chapter 13 plan and Order Granting Discharge under  11 U.S.C. sec. 1328 shall constitute conclusive evidence of the discharge of said Mortgage of record.

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of

**None** ; or

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of

**None** .

iii. The arrears under the lease to be paid under the plan are _____.

### III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Mass. D.O.R.** | **2010 Income Taxes** | **1,439.49** |
| | | $ |

Total of Priority Claims to Be Paid Through the Plan:    $   **1,439.49**

### IV. ADMINISTRATIVE CLAIMS

A. Attorneys Fees (to be paid through the plan):    $   **1,374.00**

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | $ |
| | | $ |
| | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

### V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of    **0.10%** *

* This percentage is illustrative only, based on claims estimated in
the petition and schedules.  The actual percentage may vary depending
on the final total of allowed claims.

A. General unsecured claims    $   **3,608.32**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Citi Mortgage Inc.** | **2nd mortgage 303 Brigham St.** | **94,022.76** |
| **HSBC Bank Nevada** | **Execution 303 Brigham St.** | **5,330.71** |
| | | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | $ **0.00** |
| | | $ |
| | | $ |

Total of Unsecured Claims (A + B + C):            $    **102,961.79**

D. Multiply total by percentage:                  $        **102.51**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None.** | | $ |
| | | $ |
| | | $ |

Total amount of separately classified claims payable at        %: $        **0.00**

**VI. OTHER PROVISIONS**

A. Liquidation of assets to be used to fund plan:    **None.**

B. Miscellaneous Provisions:

1. Holders of allowed secured claims must apply all post-petition payments received directly from the Debtor(s) to post-petition obligations in accordance with the terms of the note and mortgage or other security agreement, and in accordance with applicable non-bankruptcy laws.  No holder of a an allowed secured claim may assess any penalty or late charge with respect to any post-petition payment made directly to such holder solely on the basis that the Debtor(s) were, or are alleged to have been, in default under the terms of a note, mortgage or other security agreement on the date the petition in this case was filed.

2. Holders of allowed secured claims must apply all payments from the Chatper 13 Trustee to cure pre-petition defaults.

3. No servicer of an allowed secured claim may seek to recover any deficiency alleged to exist in an escrow account (as the terms "deficiency" and "escrow account" are defined in 24 C.F.R. sec. 3500.17(b)) on the petition date otherwise than by filing or amending a proof of claim to assert such deficiency as a pre-petition arrearage.  Such servicer may nonetheless state the amount of any alleged deficiency in any escrow statement furnished to the Debtor(s) without thereby being deemed to have violated this provision or 11 U.S.C. sec. 362(a).

4. This is a "pot plan," in which the total of all payments with respect to non-priority unsecured creditors is a constant amount.  The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor(s) and does not govern the amount of payments to non-priority unsecured creditors.  Non-priority unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan.

5. Upon the entry of the Order confirming the plan, all mortgage holders or their servicers shall report the mortgage as "current" to all credit reporting agencies to which credit reports concerning the debtor's payment history have previously been reported.

VII. CALCULATION OF PLAN PAYMENT:

| | | |
|---|---|---|
| a) Secured Claims (Section II-A Total): | $ | 0.00 |
| b) Priority claims (Section III-A & B Total): | $ | 1,439.49 |
| c) Administrative claims (Section IV-A & B Total): | $ | 1,374.00 |
| d) Regular unsecured claims (Section IV-D Total): | $ | 102.51 |
| e) Separately classified unsecured claims: | $ | 0.00 |
| f) Total of a + b + c + e above: | = $ | 2,916.00 |

g) Divide (f) by .90 for total including Trustee's fee:
                Cost of Plan    = $    3,240.00

(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Divide (g), Cost of Plan, by Term of Plan,  **36**  months

i) Round up to nearest dollar for Monthly Plan Payment:    $    90.00

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VI. LIQUIDATION ANALYSIS

A. Real Estate

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **303 Brigham St.** | 295,000.00 | 447,276.56 |
| | $ | $ |

Total Net Equity for Real Property:    $    0.00

Less Total Exemptions (Schedule C):    $    0.00

Available Chapter 7:    $    0.00

B. Automobile (Describe year, make, model):

**Lexus**    Value $  4,400.00  Lien $  0.00  Exemption $  4,400.00

**2 vehicles**    Value $  3,580.00  Lien $  0.00  Exemption $  3,580.00

Total Net Equity:    $    7,980.00

Less Total Exemptions (Schedule C):    $    7,980.00

Available Chapter 7:    $    0.00

C. All other Assets: (All remaining items on schedule B): (Itemize as necessary)

**Cash on hand, bank accounts, savings account,**

**household goods, clothing, IRAs, hockey equipment**

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Matthew W. McCook                               September 30, 2011
Matthew W. McCook
Debtor's Attorney                                   Date

Atorney's Address:    277 Main Street

                      Marlborough, MA 01752


                      Tel.# (        )  508-485-4500

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

/s/ Christopher J. Piti                             September 30, 2011
Debtor                                              Date


Debtor                                              Date